[No. 21867. Department One. August 14, 1929.]

HARRY POY *et al.*, *Appellant*, v. K. MIYAMOTO *et al.*, *Respondents.*[1]

*Hartge & Cadwallader*, for appellants.

*Ralph H. Higgins* and *L. A. Michelson* (*H. D. Moore*, of counsel), for respondents.

BEALS, J.—Plaintiffs sued in replevin for the possession of articles of household furniture of the alleged value of $250. They appeal from an adverse judgment.

The testimony is brief, and in many respects the record is vague and unsatisfactory. It appears, however, that appellant Harry Poy and one Tillie Peters were, from 1920 to 1927, living in the city of Seattle as husband and wife, during which period four children were born to them. Whether or not, during this period, these parties were lawfully married is uncertain, but in any event they were lawfully married by a ceremony

[1] Reported in 279 Pac. 744.

performed November 2, 1927, whereupon an action for divorce was immediately instituted in which an interlocutory order was entered February 14, 1928.

The articles of household furniture which are the subject-matter of this action were purchased, as appellant Poy testified, jointly by himself and his co-appellant, Louie Hope, while the two men, with their respective families, were occupying the same house during the years 1920, 1921 and 1922. Appellant testified that Louie Hope and his family had returned to China, where they were living at the time of the trial of the action. The household furniture, the title to which is here in question, was, at all times after appellant Poy and his wife separated, in the possession of Tillie Peters Poy in the home she and appellant Poy had previously occupied jointly. A few days after the rendition of the interlocutory order in the divorce suit between these parties, Tillie Poy sold this furniture to respondents for $105, possession of the furniture being then delivered to respondents.

Appellant testified on cross-examination that he at no time after he and his wife separated made any demand for the possession of the furniture, and that he paid no attention whatsoever to it, nor manifested any interest therein, until after Tillie Poy sold the same to respondents.

The files in the divorce case between the Poys are not part of the record before us, and all we know concerning any possible settlement in that proceeding of the property rights of the parties is gained from some indefinite statements by appellant Poy, on cross-examination, to the effect that, from the complaint and interlocutory order, it appeared that there was no community property belonging to himself and Tillie Poy. Appellant Poy testified that the furniture was bought

during, or prior to, the year 1923, and the same was apparently at all times thereafter in the possession of Harry and Tillie Poy, up to the time of the separation of these parties, to the complete exclusion of any possession of any part thereof by appellant Louie Hope.

From the record before us, we are unable to glean any facts which require reversal of the judgment entered by the trial court in favor of the respondents. Tillie Peters Poy was in possession of the furniture with the knowledge and consent of her husband, appellant Poy, and we find no competent testimony in the record which overthrows the presumption in favor of the judgment entered by the trial court to the effect that the sale of the furniture by Tillie Poy conveyed to respondents a good title thereto.

Judgment affirmed.

HOLCOMB, PARKER, FULLERTON, and TOLMAN, JJ., concur.